UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>ANIETRA YOUNG,<br><br>        Defendant. | Case No.  1:25-cv-00559-JLT-HBK<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>FOURTEEN-DAY RESPONSE PERIOD |

      This matter is before the Court sua sponte following a review of Plaintiff's Motion for Default Judgment (Doc. No. 11) and the Complaint (Doc. No. 1). Because this Court's subject matter jurisdiction is not clearly established on the face of the Complaint, Plaintiff Metropolitan Life Insurance Company will be allowed an opportunity to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**I.  BACKGROUND**

      Plaintiff Metropolitan Life Insurance Company ("Plaintiff") commenced this action by filing a Complaint against Defendant Anietra Young ("Defendant"), seeking to recover funds inadvertently paid by Plaintiff to Defendant pursuant to her claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701-8716. (Doc. No. 1, "Complaint"). On August 11, 2025, the Clerk of Court entered Default against

1  Defendant.  (Doc. No. 9).  On September 19, 2025, Plaintiff's filed a Motion for Default
2  Judgment pursuant to Fed. R. Civ. P. 55(b).  (Doc. No. 11, "Motion").  To date, Defendant has
3  not answered or responded to the Complaint, nor have Defendant filed any opposition or taken
4  any actions in this case.

## II.    APPLICABLE LAW AND ANALYSIS

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation modified).  Subject matter jurisdiction "can never be forfeited or waived." *Id.*  Rather, "[t]he objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Id.* at 506.  The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, 130 F.4th 748, 756 (9th Cir. 2025).  Where, as here "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Complaint raises the following causes of action: "violation of FEGLIA, 5 U.S.C. §§ 8701-8716," unjust enrichment, and conversion.  (Doc. No. 1 at 5-8).  Plaintiff first asserts that "[p]ursuant to 5 U.S.C. § 8715, the District Courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded upon this chapter."  (Doc. No. 1 at 2, ¶ 4).  However, the full text of 5 U.S.C. § 8715 states "the District Courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim **against the United States** founded on this chapter."  § 8715 (emphasis added).  The Complaint does not plead a cause of action against the United States; therefore, the cited provision is not applicable here.

Plaintiff additionally asserts this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  (Doc. No. 1 at 2, ¶ 4).  A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. A matter "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 690 (2006)). Presumably, Plaintiff maintains federal question jurisdiction is established because count one of the Complaint alleging "violation of FEGLIA, 5 U.S.C. §§ 8701-8716" for Defendant's alleged acceptance and retention of two duplicate payments for life insurance proceeds "arises under" FEGLIA. (*See* Doc. No. 1 at 5-6). However, on the face of the Complaint the Court is unable to conclude that the FEGLIA as a whole (5 U.S.C. §§ 8701-8716) creates the cause of action regarding inadvertent overpayment of life insurance proceeds by Plaintiff and/or that Plaintiff's right to relief necessarily depends on resolving an issue of <u>federal law as opposed to state law</u> claims of unjust enrichment and conversion. *See, e.g., Metro. Life Ins. Co. v. Thompson*, 2018 WL 7324383, at *3 (E.D.N.Y. Dec. 14, 2018) (recommending dismissal for lack of subject matter jurisdiction in case asserting violation of FEGLIA, unjust enrichment, and conversion, because "FEGLIA does not create a private right of action" and the "'absence of any statutory cause of action or express jurisdictional grant … demonstrates Congress' intention' that actions to recover FEGLI proceeds 'would be brought in state courts absent the existence of diversity of citizenship.'") (collecting cases) (citing *Herrera v. Metro. Life Ins. Co.*, 2011 WL 6415058, at *4 (S.D.N.Y. Dec. 19, 2011)). For these reasons, Plaintiff is directed to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Finally, should the Court determine it has subject matter jurisdiction and proceed to consider the merits of Plaintiff's Motion, the briefing lacks critical information as to the second and third *Eitel* factors in determining whether to grant default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Thus, Plaintiff is further directed to submit supplemental briefing as to the merits of their substantive claim and the sufficiency of the Complaint.

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of this Order, Plaintiff shall show case in writing why this

case should not be dismissed for lack of subject matter jurisdiction; or in the alternative, Plaintiff may voluntarily dismiss this action.

2. If warranted, in the response to this Order, Plaintiff shall submit additional briefing as to the second and third *Eitel* factors so the Court may issue a ruling on Plaintiff's Motion for Default Judgment should the Court conclude that it has subject matter jurisdiction after considering Plaintiff's response.

Dated:    November 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE